IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELVIN D. PHILLIPS                                                                                       PLAINTIFF

v.                                    Civil No. 08-2129

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Melvin Phillips, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

The plaintiff filed his applications for DIB and SSI on June 20, 2006,[1] alleging an amended onset date of November 1, 2006,[2] due to back and knee pain, shoulder pain, a broken collar bone, vision problems, headaches, depression/dysthymia, possible antisocial personality disorder, possible borderline intellectual functioning, and cannabis use.  (Tr. 17, 80, 83, 92, 112-113).  His applications were initially denied and that denial was upheld upon reconsideration.

---

[1] Plaintiff previously protectively filed a applications for DIB and SSI on July 15, 2002.  Both applications were denied initially on October 17, 2002, with no appeal filed.  (Tr. 14).

[2] Plaintiff originally claimed an onset date of May 27, 2004.  However, at the administrative hearing, this date was amended because counsel indicated that plaintiff had worked some after May 2004 and before November 2006.  (Tr. 295).

**AO72A**
**(Rev. 8/82)**

(Tr. 28-33). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). An administrative hearing was held on September 20, 2007. (Tr. 291-317). Plaintiff was present and represented by counsel.

At this time, plaintiff was 41 years of age and possessed a seventh grade education. (Tr. 26, 96, 294, 298). He had past relevant work ("PRW") experience as a truck driver and construction worker. (Tr. 26, 96-103).

On March 11, 2008, the ALJ found that plaintiff's left knee injury, fractured left clavicle with poor alignment and healing, cataract on the right eye, headaches, pain disorder associated with both psychological factors and a general medical condition, cannabis abuse, and dysthymia were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 17-19). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to lift 10 pounds occasionally and less than 10 pounds frequently; sit for 6 hours during an 8-hour workday; stand and/or walk for 2 hours during an 8-hour workday; and, occasionally climb, balance, crouch, kneel, crawl, stoop, and work overhead with his non-dominant arm and could not engage in work that requires excellent vision. (Tr. 21). Further, the ALJ also found that plaintiff was moderately limited in his ability to make judgments on simple work-related decisions; understand, remember, and carry out complex instructions; interact appropriately with supervisors; and, respond appropriately to usual work situations and routine work changes. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as an inspector, sorter, sampler and weigher, and bench assembler. (Tr. 26-27).

AO72A
(Rev. 8/82)

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 18, 2008. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

## II.  **Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

3

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

    **A.**    **The Evaluation Process**:

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.**    **Discussion**

At step five, the agency bears the burden of establishing that the plaintiff can perform other work that exists in significant numbers in the national economy, given his age, education, experience, and RFC. *See Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). In the present case, the ALJ determined that plaintiff could not return to his past relevant work. With the assistance of a vocational expert, however, he attempted to establish other jobs in the national economy that plaintiff would still be capable of performing. The hypothetical interrogatory submitted to the

4

vocational expert indicated that plaintiff could perform sedentary work involving only occasional (exists up to 1/3 of the time) climbing, balancing, crouching, kneeling, crawling, stooping and working overhead with his non-dominant arm.  The expert stated that plaintiff would be able to perform work as an inspector, sorter, sampler and weigher, and bench assembler and then specific jobs that plaintiff could perform.  However, the jobs identified by the vocational expert all require frequent (exist from 1/3 to 2/3 of the time) reaching.  *See* DICTIONARY OF OCCUPATIONAL TITLES §§ 521.687-084; 700.687-018; 700.687-026; 706.684-030; 732.587-010; 734.684-010; 739.685-054, *at* www.westlaw.com.[3]  Because the record does not contain any explanation as to why the vocational expert's testimony deviates from the Dictionary of Occupational Titles, we can not say that the agency met its burden of establishing that the plaintiff can perform other work that exists in significant numbers in the national economy.  *See Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (holding that ALJ is required to ask the vocational expert about any possible conflicts between the expert's testimony and the information provided in the Dictionary of Occupational Titles).  Accordingly, the case must be remanded to the ALJ for further consideration.

**IV.    Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

---

[3] While the ALJ's opinion states that the positions identified by the expert are merely representative of the jobs available to plaintiff in these areas, there is no evidence to indicate that any of the other positions within these categories require less than frequent reaching.

DATED this 14th day of January 2010.

                                         /s/ *J. Marschewski*
                                         HON. JAMES R. MARSCHEWSKI
                                         UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**